In the Matter of JANDYRA SANTOS et al., Parents of Infants Alleged To Be Neglected.

In the Matter of JANDYRA SOUTHERN, Respondent. FREE SYNA-GOGUE CHILD ADOPTION COMMITTEE, Appellant; CATHOLIC HOME BUREAU FOR DEPENDENT CHILDREN, Intervener, Respondent.

Argued October 7, 1952; decided November 20, 1952.

*Shad Polier* for appellant. I. The Court of Appeals has jurisdiction of the instant appeal. (N. Y. Const., art. VI, § 7.) II. The order appealed from is final. (*People ex rel. Brussel* v. *Brussel,* 279 App. Div. 859; *Halvey* v. *Halvey,* 330 U. S. 610; *Matter of Fields,* 302 N. Y. 262; *Republic Gas Co.* v. *Oklahoma,* 334 U. S. 62; *Dept. of Banking* v. *Pink,* 317 U. S. 264.) III. The constitutional question was timely raised. (*Jongebloed* v. *Erie R. R. Co.,* 296 N. Y. 912; *Matter of Hood & Sons* v. *Du Mond,* 297 N. Y. 209; *Herndon* v. *Georgia,* 295 U. S. 441.) IV. The statute, as construed by the Appellate Division, is unconstitutional. (*Matter of Knowack,* 158 N. Y. 482; *Finlay* v. *Finlay,* 240 N. Y. 429; *People ex rel. Hagan* v. *Alfano,* 277 App. Div. 565; *People ex rel. Hydock* v. *Greenberg,* 273 App. Div. 710;

*Matter of Benning [Nigro]*, 303 N. Y. 775; *People ex rel. Portnoy* v. *Strasser*, 304 N. Y. 539; *People ex rel. Horton* v. *Fuller*, 41 App. Div. 404; *People ex rel. " Anonymous "* v. *Perkins Adoption Soc.*, 271 App. Div. 672, 297 N. Y. 559; *People ex rel. Grament* v. *Free Synagogue Child Adoption Comm.*, 194 Misc. 332; *Prince* v. *Massachusetts*, 321 U. S. 158.) V. Due process is further violated because the due process clause of the Fourteenth Amendment incorporates the guarantee of religious freedom in the First Amendment. (*Board of Education* v. *Barnette*, 319 U. S. 624; *Everson* v. *Board of Education*, 330 U. S. 1; *McCollum* v. *Board of Education*, 333 U. S. 203; *Zorach* v. *Clauson*, 343 U. S. 306.)

*Porter R. Chandler, George A. Timone* and *Frederick G. Watson* for respondent. I. The order appealed from does not " finally " determine the proceeding. (*Matter of Block*, 282 N. Y. 683; *Matter of Begent* v. *Noyes*, 284 N. Y. 229; *Matter of Browning*, 272 N. Y. 510; *Caruthers* v. *Title Guar. & Trust Co.*, 295 N. Y. 887; *Matter of City of New York [Upper N. Y. Bay]*, 243 N. Y. 522; *Matter of City of New York [Staten Island Proceeding]*, 237 N. Y. 275; *Matter of Colonial Liq. Distributors* v. *O'Connell*, 295 N. Y. 129.) II. The questions attempted to be raised on this appeal have become academic and the appeal is therefore moot. (*Doremus* v. *Board of Education*, 342 U. S. 429; *Delavan* v. *New York, N. H. & H. R. R. Co.*, 216 N. Y. 359.) III. The alleged constitutional questions are without substance. (*People ex rel. Portnoy* v. *Strasser*, 304 N. Y. 539; *Matter of Zorach* v. *Clauson*, 303 N. Y. 161, 343 U. S. 306; *Matter of Gally*, 107 N. E. 2d 21 [Mass.].)

*Frederick L. Kane* and *Gerard C. Durr* for intervener-respondent. I. The appeal should be dismissed because the questions involved have become academic and moot. II. There is no real constitutional question involved on the appeal.

LOUGHRAN, Ch. J. This special civil proceeding was brought in the Domestic Relations Court of the City of New York, Children's Court Division, County of New York. For convenience, we shall call that court the Domestic Relations Court.

Upon an ex parte petition verified by Ruth Benjamin which alleged that Diane and Linda Southern were neglected children

who were " Living with Custodian Ruth Benjamin Hebrew ", the Domestic Relations Court adjudged the children to be neglected and thereafter committed them to the custody of the Free Synagogue Child Adoption Committee. The mother of the children later called upon that committee to return them to her and when her demand was refused, she petitioned the Domestic Relations Court to vacate its prior ex parte order. The court granted her that relief and set the case down for a hearing.

At the hearing, evidence was offered to show that the mother of the children is a Roman Catholic and that both children were baptized in that faith. But at the same time it was shown that the mother had boarded the children with Ruth Benjamin who caused them to be instructed in the Jewish religion.

When the hearing was concluded, the Domestic Relations Court announced its decision in these words: " After closely observing the witnesses while testifying and then studying the minutes and the exhibits, unhesitantly I conclude that the evidence amply establishes that Diane and Linda Southern are ' neglected children '; that the mother is not a fit and proper person to have their custody and has not now nor in prospect a suitable home or environment in which to rear them; and that their present and future welfare requires confirmation of their commitment as Jewish children to the Free Synagogue Child Adoption Committee ".

Upon appeal by the mother to the Appellate Division, the order of the Domestic Relations Court was in all respects reversed upon questions of law and fact and the matter was remanded to that court for further hearing and consideration in accordance with the opinion of the Appellate Division. In that opinion the Appellate Division cited subdivision 3 of section 86 and subdivisions 1 and 5 of section 88 of the Domestic Relations Court Act and said (278 App. Div. 373, 375): " Accordingly, under the mandatory provisions of the act, the court, after finding the children neglected and the mother an improper guardian, should have committed the children to the care of a duly authorized agency under the control of the children's religious faith " (see N. Y. Const., art. VI, § 18).

Subsequently to that decision of the Appellate Division the Free Synagogue Child Adoption Committee delivered the chil-

dren to their mother. She in turn delivered them to the Catholic Home Bureau for Dependent Children through which they were committed to the care of a Catholic foster family with whom they are now living under the supervision of the bureau.

From the decision of the Appellate Division, the Free Synagogue Child Adoption Committee has appealed as of right to this court, contending that a constitutional question is here directly involved. Whether this appeal is properly here depends upon the answer to this question: Is the order of the Appellate Division a final determination in respect of the appellant Free Synagogue Child Adoption Committee? (See N. Y. Const., art. VI, § 7, subds. [1], [7].)

The order of the Appellate Division in terms directs a further hearing and consideration of the controversy. Under that order, the Domestic Relations Court, upon such rehearing and reconsideration, may: (1) award custody of the children to their mother or to a State agency; or (2) make a new judicial determination in respect of the religious affiliation of the children and then award custody of them to a private agency managed by members of their religion. (*Gugel* v. *Hiscox*, 216 N. Y. 145, 151–152; *Halpern* v. *Amtorg Trading Corp.*, 292 N. Y. 42, 47–48; Cohen and Karger, Powers of the New York Court of Appeals, pp. 45–46.) The order of the Appellate Division did not dismiss any party to this proceeding nor did that order make any conclusive ruling in respect of the rights of any party. For that order was not an adjudication of a controversy between adversary parties to compose their private differences but was an exercise by the State through its courts of its power as *parens patriæ* to protect infants qua infants (*Finlay* v. *Finlay*, 240 N. Y. 429, 433–434). In short the order of the Appellate Division does not finally determine this proceeding within the meaning of the Constitution of this State. Hence we must dismiss this appeal for want of jurisdiction.

The appeal should be dismissed, without costs.

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ.. concur.

Appeal dismissed.