Isadore Bookstein, J.
Petitioner is the natural mother of a male child born November 8, 1954. On November 12, 1954 she and her husband (their marriage having since been dissolved by a divorce) the father of the child, executed an instrument unconditionally and absolutely surrendering their child to respondent, as authorized by subdivision 2 of section 384 of the Social Welfare Law. About a year later, to wit, on November 9,1955 an order of adoption of this child was granted by the Surrogate of Albany County, whereby the child was adopted by foster parents, such order having been granted *609 upon the consent of respondent, without consent of the natural parents, the consent of the latter not being required. (Domestic Relations Law, § 111, subd. 4.)
Petitioner now institutes this habeas corpus proceeding requiring respondent to produce the child before me for an inquiry into the cause of its detention.
The child has not been produced for the good and sufficient reason that respondent is not in possession of the child and it now has no more control or direction of the child than a total stranger to these proceedings. It has legally parted with possession and control pursuant to a lawful decree of a court of competent jurisdiction, which decree is final and unassailable.
In order to justify the issuance of a writ of habeas corpus, the petition therefor must contain, inter alia, an allegation that the person in whose behalf the writ is applied for ‘‘ is not detained by virtue of any judgment, decree, final order or process, specified in section twelve hundred and thirty-one of this act”. (Civ. Prac. Act, § 1234, subd. 2.)
In this case the petition does contain such an allegation. In its absence, the writ would not have been granted. Such allegation in the petition is unfounded, since the answer shows that a decree of adoption was granted by a court of competent jurisdiction. Doubtless, the allegation in question was not intentionally false, since counsel for petitioner on the oral argument stated that petitioner had no knowledge that there had been an adoption.
Despite the adoption, petitioner argues that there is no finality to a surrender to an authorized agency, such as respondent and hence the question before this court is what is for the best interest of the child.
With this contention this court cannot agree. That contention has merit only prior to adoption but not after adoption.
In People ex rel. Grament v. Free Synagogue Child Adoption Committee (194 Misc. 332, 336) the court said: “It is thus apparent that the Legislature has gone to great pains to circumscribe, in connection with adoption, the rights of parents who have surrendered their child to an authorized agency, and that it has gone to equal pains to define their rights to custody prior to adoption. The related statutes, which are at least presumptively an embodiment of the social judgment and conscience of the community, form a well-integrated, compact and uncomplicated procedure, which bears the impress of careful thought and intelligent planning. In short, it would appear that the Legislature has decided that every measure must be taken to render a consummated adoption unassailable; also, to *610 protect at all times the repute of the adoptive agency and the evolving status of the prospective foster parents. In this latter regard, however, the Legislature did not shut the agency doors forever, prior to adoption, to a ‘ fit, competent ’ parent, ‘ able to duly maintain, support and educate ’ her child, who after the impact of physical separation suffered a change of heart and desired to recapture custody ”. (Emphasis supplied.)
It follows that prior to adoption, the doors of an agency, such as respondent, are not shut forever against the natural parents; that a consummated adoption is unassailable (except in those situations in which the Domestic Relations Law provides for abrogation, Domestic Relations Law, §§ 116, 117 and 118) and hence the doors of respondent agency are closed forever to petitioner.
Parenthetically, the proceedings for the adoption were wisely ordered sealed by the Surrogate, subject to inspection only on order of the Surrogate’s Court or the Supreme Court. I see no good purpose in so ordering since, in my humble judgment,. it is for the best interests of the infant and the foster parents, that they remain unrevealed, even to me.
Petition dismissed upon the merits.
Submit order.