Isadore Bookstein, J.
Petitioner is the natural mother of a male child born November 8, 1954. On November 12, 1954 she and her husband (their marriage having since been dissolved by a divorce), the father of the child, executed an instrument unconditionally and absolutely surrendering their child to respondent, as authorized by subdivision 2 of section 384 of the Social Welfare Law. About a year later, to wit, on November 9, 1955 an order of adoption of this child was granted by the Surrogate of Albany County, whereby the child was adopted by foster parents, such order having been granted upon the consent of defendant, without consent of the natural parents, the consent of the latter not being required. (Domestic Relations Law, § 111, subd. 4.)
In July, 1956, plaintiff instituted habeas corpus proceedings against this defendant, to obtain custody of her child. That proceeding was dismissed by me. (People ex rel. McGaffin v. Family & Children’s Service of Albany, 2 Misc 2d 608.) In my opinion in that proceeding, it was stated that the consummated adoption was unassailable.
An appeal was taken by plaintiff to the Appellate Division. (3 A D 2d 633.) That court modified the order of dismissal and affirmed same, as modified. The modification of the order was the deletion from the decretal clause of the order of dismissal, *777 of the statement that the surrender executed by the petitioner to respondent ‘ ‘ became unassailable by petitioner upon the entry of the order of adoption ”. That court quite properly regarded those words in the order as “ harmless surplusage
The determination that those words were surplusage was based on the proposition that the court’s expression to that effect in the habeas corpus proceeding was not necessary to a decision and hence, obiter dicta. This court was fully aware of that. However, as the Appellate Division correctly stated, the statement was made in answer to petitioner’s strenuous contention and citation of an authority which was claimed to be to the contrary. Wisely, or unwisely, this court took occasion to answer the contention advanced. In so doing, it was animated by the thought that such answer might avoid future litigation which this court felt would be vexatious and futile. That objective was not attained, as is best evidenced by this action.
In this action, the prayer for relief, in the amended complaint, reads, in part, as follows: “ Wherefore, the plaintiff prays that the surrender documents described herein be set aside and declared to be invalid and without legal effect; that her full rights as the natural mother of the said child be restored to the plaintiff; that she have the right to assail the adoption proceedings which were based on the surrender documents herein described; that all proceedings taken by the defendant subsequent to its receipt of the surrender documents herein and emanating therefrom be declared invalid and without legal effect; that the defendant be required to reveal the names and address of the individuals to whom it surrendered the child for adoption and to reveal the present whereabouts of the said child; that the said defendant be required to produce the said infant for the purpose of having its custody determined herein ”.
Defendant moves for summary judgment, dismissing the complaint, under rule 113 of the Rules of Civil Practice.
Rule 113 of the Rules of Civil Practice, as amended in 1933, permits a motion by defendant for summary judgment in an action of this character. (Lederer v. Wise Shoe Co., 276 N. Y. 459.)
The gravamen of plaintiff’s complaint is that her execution of the surrender agreement was the result of fraud or duress or both. However, every charge in the complaint of fraud or duress is leveled at plaintiff’s former husband and not at this defendant.
The only allegation as to defendant is that, in effecting the execution of the surrender agreement, it did so hastily and without careful and thorough investigation and failed to deter *778 mine whether plaintiff’s surrender agreement was a voluntary-act. While this allegation is denied by defendant, such denial raises an issue of fact on that subject. But the allegation in question, even if deemed true, does not sustain this action.
There was no legal duty on the part of defendant to ascertain if plaintiff’s surrender was a voluntary act. It had a right to rely on her act in signing the surrender agreement, as being voluntary.
The surrender agreement set in motion the machinery of the Surrogate’s Court of Albany County and resulted in a valid decree of adoption. The adoption had been fully consummated, long before plaintiff made any attempt to void her surrender agreement.
Here, plaintiff asserts in paragraph 14 of her amended complaint that “for the equitable relief sought herein the plaintiff has no adequate remedy at law ”.
‘ On few questions is decisional law so clear as on this: that adoption, and the abrogation thereof, is, in New York, solely the creature of, and regulated by, statute law”. (Matter of Eaton, 305 N. Y. 162, 165.) (Italics supplied.)
Abrogation of adoption is regulated by sections 116, 117 and 118 of the Domestic Relations Law and this action is not one provided for by those sections.
By implication, at the very least, People ex rel. Grament v. Free Synagogue Child Adoption Committee (194 Misc. 332) holds that a consummated adoption is unassailable.
This court so stated in People ex rel. McGaffin v. Family & Children’s Service of Albany (supra) and now reiterates that statement.
Plaintiff’s attorney in his opposing affidavit argues that the action of the Appellate Division in modifying the order of dismissal in the habeas corpus proceeding, obviously held that a consummated adoption is assailable. That argument is without any basis. That court expressly stated that the modification was made ‘ ‘ Without intending to indicate any opinion as to the validity or finality of the adoption, which is not before us ’ ’.
Certainly, in the case of a consummated and hence, an unassailable adoption, plaintiff should not be furnished, by a court direction, the names and address of the foster parents. Neither the foster parents nor the child should be subjected to the obvious interference and travail which would almost certainly follow the revelation of the names and address of the foster parents.
Motion for summary judgment dismissing the complaint granted.
Submit order.