█ JOAN McGAFFIN, Also Known as JOAN ROMANO, Appellant, v. FAMILY AND CHILDREN'S SERVICE OF ALBANY, INC., Respondent.— Appeal from an order of Special Term, Supreme Court, Albany County. In this action in equity by the mother of a child against defendant, a charitable corporation authorized by the Department of Social Welfare to place children for adoption, relief is sought invalidating and setting aside documents executed by the mother consenting to the placement of a child for adoption. The complaint has been dismissed by the court at Special Term on a motion addressed to the pleadings. The complaint does not allege any fraud, coercion, or wrongdoing by defendant in the execution of the surrender documents. It alleges, rather, that plaintiff's husband coerced and induced the execution of the documents, and that plaintiff executed them under conditions of pain and sedation, which made her incompetent to understand the full import of her act. No allegation is made that defendant had any knowledge of these conditions as alleged; or participated in this; it is

alleged merely that defendant did not make an investigation as to "the true facts". In the absence of some overreaching, wrongdoing, or knowledge by the defendant no cause for equitable relief is demonstrated by plaintiff at the time the action was instituted under the pleaded facts. The statute carefully prescribes the consent given to adoption and the proceedings to be followed. (Domestic Relations Law, § 111 *et seq.*) It specifically provides for the abrogation of adoption (§§ 116, 117, 118). The conditions there prescribed are not any of those here alleged. We are of opinion the court at Special Term was right in declining to entertain an action for equitable relief under the pleaded facts. The consent was executed in November, 1954 and not until almost two years later did plaintiff seek to disavow her consent on any ground. In the meantime the child had been placed by defendant with foster parents. Under well-accepted equitable principles plaintiff would be required promptly to withdraw the consent which she gave and seek to revoke it as soon as she became aware of its nature and effect. The dismissal of the complaint for equitable relief was right. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ. [6 Misc 2d 776.]