OPINION OF THE COURT
Richard D. Rosenbloom, J.
This proceeding is brought by the petitioner Michael Kane, pursuant to section 114 of the Domestic Relations Law for an order vacating and setting aside orders of adoption of two children. This is a motion by respondent Mary G. Kane to dismiss the petition for legal insufficiency.
*84 The children, Don and Louise, were born to petitioner and his first wife who died in 1972. In 1973, petitioner married the respondent. In September, 1977, this court granted the petition of petitioner and respondent to approve the adoption of the children by respondent. The parties were divorced in April, 1979 and petitioner married his present wife shortly thereafter.
Petitioner contends that the respondent began psychiatric treatment in 1974 and that this fact was not disclosed to the court at the time of the adoption. He claims that contacts between respondent and the children during the past year since the parties’ divorce have been minimal. He alleges that the children have formed a close relationship with his present wife and expresses concern that the children’s interests would not be served by being placed in the care of respondent in the event of petitioner’s death.
Section 114 of the Domestic Relations Law provides as follows: "In like manner as a court of general jurisdiction exercises such powers, a judge or surrogate of a court in which the order of adoption was made may open, vacate or set aside such order of adoption for fraud, newly discovered evidence or other sufficient cause.”
Petitioner’s reference to respondent’s course of psychiatric treatment does not necessarily give rise to an allegation of fraud. The mere fact of psychiatric treatment, standing alone, would not automatically have disqualified respondent from becoming an adoptive parent nor would it have compelled a denial of the proposed adoption under the circumstances. Since petitioner was fully aware of the psychiatric treatment and chose not to disclose it to the court, he should now be estopped from utilizing that fact to further his own interests. The petition contains no allegations of newly discovered evidence that was not previously available which would warrant setting aside the adoption.
The remaining issue is the meaning of the words "other sufficient cause.” No history is available to assist in determining the intent of the Legislature in enacting this statute in 1938. It is a general rule of construction that the meanings of the words in a statute should be ascertained by reference to the words and phrases with which they are associated and that general language is limited by specific phrases which precede it. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 239.) Therefore "other sufficient cause” should be construed *85 to mean other causes of the same kind or class as those specifically enumerated. A possible interpretation of the words in question is that they refer to causes set forth in other statutes. CPLR 5015 (subd [a]) provides five grounds for vacating a court order, however, the petition contains no allegations which fall within any of them.
In Matter of Natural Parents of "Nicky” v Dumpson (81 Misc 2d 132) Surrogate Sobel reviewed the grounds for setting aside an adoption at various stages of the proceeding and concluded that the only appropriate basis following an order of adoption is lack of jurisdiction or fraud. Petitioner’s allegations as to events subsequent to the adoption relate to what he claims would be the children’s best interests. Although this was the applicable test up to the time of the adoption, a higher standard should be required where petitioner seeks to permanently sever respondent’s parental rights.
Legislative action in recent years indicates a public policy to strengthen the conclusive effect of orders of adoption. In 1972, consents by natural parents were made irrevocable if executed under certain conditions. (Domestic Relations Law, § 115-b.) In 1974, the Legislature repealed section 118 of the Domestic Relations Law which provided a procedure for the abrogation of adoptions by reason of subsequent events. In order to attempt to establish stability and permanency in the lives of the children affected, final orders of adoption should not be lightly set aside. (See McGaffin v Family & Children’s Servs. of Albany, 6 Misc 2d 776, affd 7 AD2d 769.)
The court finds that the facts alleged in the petition do not constitute fraud, newly discovered evidence or other sufficient cause of the same kind or class. Respondent’s motion is granted and the petition is dismissed.