*744 OPINION OF THE COURT
C. Raymond Radican, J.
The court is presented with two applications to vacate its own orders of adoption for two infants under the age of 14 years. The natural mother of the infants died on July 29, 1980, and their father remarried several years later. The adoption petitions were made by the natural father and his then second wife, and the adoption orders were issued on October 23, 1984. The present applications allege that the natural father reached an understanding with the adopting mother whereby she agreed to raise the two infants in the Orthodox Jewish religion. Subsequent to the adoptions, the adopting mother, who is not Jewish, recanted on her commitment to raise the children in the Jewish religion, and, in fact, discouraged and prevented all Jewish training, education and celebrations. The petitioner, who is the natural father, states that he consented to the adoption of his children by his second wife only after she represented to him that the children would be raised in the Jewish religion. As of February 1986, the adopting mother ceased to reside with the natural father and they were divorced on August 15, 1986. The adoptive mother has submitted an affidavit in support of these petitions voluntarily relinquishing her care and custody of the children and consenting to an order vacating the court’s prior orders of adoption.
A guardian ad litem appointed to protect the interests of the children has conducted a thorough investigation and has submitted a lengthy report in which she raises no objection to the reliefs requested, finding them to be in the best interests of the children.
"In order to attempt to establish stability and permanency in the lives of the children affected, final orders of adoption should not be lightly set aside. (See McGaffin v Family & Children’s Servs. of Albany, 6 Misc 2d 776, affd 7 AD2d 769.)” (Matter of Kane, 104 Misc 2d 83, 85.) The Legislature repealed Domestic Relations Law §§ 118, 118-a, 118-b and 118-c in 1974 which permitted abrogation of adoptions under certain circumstances which developed after an adoption became effective. Under current law, an order of adoption may be set aside only where there is fraud, newly discovered evidence, or other sufficient cause (Domestic Relations Law § 114). The New York State courts have been sensitive and responsive to the religious needs of children especially as they are affected by *745 adoptions (Matter of Santos, 278 App Div 373; Ramon v Ramon, 34 NYS2d 100). In today’s society a custodial parent should have a strong voice on the religious training of his children and it would not be improper to request his new spouse to raise the children under a particular faith as a condition to consenting to the adoption (People ex rel. Rich v Lackey, 139 Misc 42).
A Surrogate may vacate an order of adoption where fraud or deception has been practiced on the court by the adoptive parents in private adoptions or by an authorized agency in an agency adoption to the extent that if the true facts were known to the court it would have resulted in dismissal of petition and denial of the order of adoption (Matter of Natural Parents of "Nicky" v Dumpson, 81 Misc 2d 132). From the uncontroverted facts and evidence submitted to the court, and in light of the serious concerns the courts have for the religious training of children, the court finds that a substantial and influencing misrepresentation was made in the original agreement of adoption. Had the facts and true intentions of the adoptive mother been revealed at the time the court was considering the adoption petitions, it would not have granted the orders of adoption in the first place. In accordance with Domestic Relations Law § 114, the court grants the applications to vacate its prior orders of adoptions dated October 23, 1984.
Regarding compensation for the guardian ad litem, she has submitted an affidavit of services setting forth the legal hours spent and services performed for her infant wards. The court finds that a fair and reasonable fee for the legal services rendered by the guardian ad litem is $1,250 for each proceeding; $2,500 total fee. The guardian ad litem and the attorney for the petitioners have informed the court that such amount is agreeable to both parties.