■ In the Matter of ALISON VV., Applying for Certification as a Qualified Adoptive Parent, Appellant. (And Another Related Proceeding.) [621 NYS2d 739] —Cardona, P. J. Appeals (1) from an order of the Family Court of Albany County (Maney, J.), entered August 2, 1993, which denied petitioner's application pursuant to Domestic Relations Law § 115-d for certification as a qualified adoptive parent, (2) from an order of said court, entered August 2, 1993, which denied petitioner's application pursuant to Domestic Relations Law § 115 to adopt Jessica UU., and (3) from an order of said court, entered May 27, 1994, which denied petitioner's application for reconsideration.

Jessica UU. (born Feb. 13, 1987) was placed in petitioner's home by her biological mother when she was approximately five years old. Subsequently, the mother asked petitioner if she desired to adopt the child. Petitioner agreed and filed an adoption petition in July 1992. Thereafter, in October 1992, petitioner filed a petition for certification as a qualified adoptive parent (see, Domestic Relations Law § 115-d). Family Court conducted a hearing on the certification petition and found that petitioner, as a single parent, failed to demonstrate exceptional circumstances to adopt; that her convictions when a teenager for disorderly conduct and hindering prosecution rendered her unsuitable to adopt any child; and that by failing to reveal her criminal history to the court-appointed adoption investigator, petitioner evinced her continued willingness to place her own interests above the law. Family Court denied certification and dismissed both petitions. Petitioner moved to renew and reargue. The court treated the motion as one to set aside its decision (see, CPLR 4404) and denied it as untimely (see, CPLR 4405). Petitioner appeals.

In Matter of Byron K. (206 AD2d 642), we held that an adult unmarried person is not required to demonstrate exceptional circumstances before being allowed to adopt a child. We have also stated that perfection is not demanded in adoptive parents (see, Matter of Michael JJ., 200 AD2d 80; Matter of Donald U., 105 AD2d 875, lv dismissed 64 NY2d 603). We note that petitioner's offenses were committed when she was 17

years old and she was apparently discharged early from probationary supervision. At the time of the hearing, petitioner was 34 years old, had not engaged in any additional criminal activity and had been steadily employed with the same employer for 12 years. Furthermore, both she and her life-partner of 14 years, who intends to act as a coparent, have been certified by the Albany County Department of Social Services as foster parents and have had foster children placed in their home. It is further noted that, contrary to Family Court's finding, petitioner did reveal her arrest and the nature of the charges to the adoption caseworker, but the caseworker determined not to report it believing, albeit mistakenly, as did petitioner, that she had been adjudicated a youthful offender and thus no criminal conviction existed. Moreover, when questioned at the hearing, petitioner readily admitted her arrest and the nature of the underlying charges. Under these circumstances, petitioner's prior convictions should not have precluded her from being considered as an adoptive parent (cf., Matter of Michael JJ., 200 AD2d 80).

In support of her motion for reconsideration, petitioner submitted affidavits from herself, the Assistant Deputy Counsel from the State Department of Social Services, the court-appointed investigator, a family counselor, Jessica's teachers and petitioner's life-partner. These affidavits confirm that petitioner revealed the nature of the underlying charges to the adoption investigator; they also contain material information as to her suitability to adopt and new information acquired since the hearing that Jessica had probably been sexually abused by her stepfather. As previously noted, Family Court dismissed the petitions as untimely without considering this information. However, a trial court has the power to set aside its decision in a nonjury case on its own initiative and, in doing so, may ignore the 15-day time limitation set forth in CPLR 4405 (see, Moore v State of New York, 45 Misc 2d 1060). In our opinion, because of the overarching concern of whether Jessica's best interest would be served by placement in petitioner's home (see, Matter of Michael JJ., supra, at 82; Matter of George L. v Commissioner of Fulton County Dept. of Social Servs., 194 AD2d 955, 956), Family Court should have set aside its decision and reopened the hearing.

Based upon the foregoing, we reverse the orders dismissing the petitions, reinstate both petitions and remit this case back to Family Court for a determination not inconsistent with this decision. The court may appoint a Law Guardian to represent the interests of this child.

Mercure, White, Casey and Peters, JJ., concur. Ordered that the orders are reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.