■ In the Matter of Kevin G. [643 NYS2d 590] —In an adoption proceeding, the adoptive father appeals from an order of the Family Court, Kings County (Segal, J.), dated January 4, 1995, which dismissed his application to vacate the order of adoption on the ground that the order had been obtained by fraud.

Ordered that the order is affirmed, with costs.

The adoptive father sought to vacate an order of adoption on the basis of fraud. The application to vacate the order was brought almost four years after the order was made, and was brought while a contested matrimonial action was pending between the adoptive father and the mother of the child. The Family Court denied the application, *inter alia,* on the ground that there was no fraud perpetrated on the court. We agree.

"[I]n any adoption proceeding, the prime consideration is always the best interest of the child" (*Matter of O'Rourke v Kirby,* 54 NY2d 8, 15). To foster stability and permanency in

the lives of the children affected by adoption, final orders should not be lightly set aside (*see, McGaffin v Family & Children's Servs.,* 6 Misc 2d 776, *affd* 7 AD2d 769).

" '[T]he fraud which will suffice to vacate an order or judgment must be fraud in the very means by which the judgment was procured' " (*Matter of Martz,* 102 Misc 2d 102, 114, quoting *Matter of Anonymous,* 29 Misc 2d 580, 582; *see also,* Domestic Relations Law § 114; *Matter of Brundage,* 134 NYS2d 703, 710, *affd* 285 App Div 1185; *Matter of Natural Parents of "Nicky" v Dumpson,* 81 Misc 2d 132, 141-143). The failure to disclose information regarding a child's putative father to the adoptive parent does not constitute such fraud (*see, Matter of Martz, supra,* at 114). Nor does the "natural mother [have an] obligation to admit paternity or to volunteer any information with respect to [the putative father]" (*Matter of Jessica XX,* 54 NY2d 417, 427, *affd sub nom. Lehr v Robertson,* 463 US 248).

We also find that under the facts of this case, to sever the relationship between the child and adoptive father would not be in the best interest of the child. Ritter, J. P., Thompson, Hart and McGinity, JJ., concur.