■ In the Matter of Ashlee II., an Infant. Cassandra HH., Appellant; Kevin II., Respondent. (And Another Related Proceeding.) [666 NYS2d 826] —Casey, J. Appeal from an order of the Family Court of Chenango County (Hester, Jr., J.), entered

October 27, 1995, which dismissed petitioner's application, in a proceeding pursuant to Domestic Relations Law § 114 (3), to vacate a prior order of adoption.

The parties were married in August 1989. In June 1992, petitioner consented to respondent's adoption of her daughter (born in 1988). Upon the parties' divorce in 1995, petitioner commenced this proceeding pursuant to Domestic Relations Law § 114 (3) to, *inter alia*, vacate the order of adoption on the basis of duress and coercion. Family Court dismissed the petition without a hearing and this appeal ensued.

We agree with Family Court that the allegations in the petition are insufficient to substantiate duress and coercion which would warrant the revocation of petitioner's consent to the adoption (*see, Matter of Sarah K.*, 66 NY2d 223, 242, *cert denied sub nom. Kosher v Stamatis*, 475 US 1108). Nor do these allegations provide a legal ground upon which the order should be vacated (*see,* Domestic Relations Law § 114 [3]; *Matter of Kevin G.*, 227 AD2d 622, 623; *Matter of Martz*, 102 Misc 2d 102, 114, *affd sub nom. Matter of Jessica XX.*, 77 AD2d 381, *affd* 54 NY2d 417, *affd sub nom. Lehr v Robertson,* 463 US 248). As such, a hearing is not required (*see, Matter of Baby Boy Joseph*, 214 AD2d 1049). Although petitioner alleges that respondent physically and mentally abused her and her daughter throughout the marriage, there are no allegations that any particular threats or abuse were used to obtain petitioner's consent. Furthermore, respondent's alleged threats with respect to depriving the child of food and clothing do not constitute duress where respondent was under no legal obligation to provide such necessities prior to the adoption.

Finally, in these circumstances, where petitioner did not surrender her parental rights upon consenting to her spouse's adoption of her daughter, and notwithstanding her assertions that she did not receive a thorough explanation of the gravity of such consent, compliance with the statute has been met (*see,* Domestic Relations Law § 115-b [8]). The order of adoption indicates that petitioner, who was represented by counsel, specifically consented to such adoption.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.