■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. TINA TURNER, Appellant, v KATHLEEN HEMBROOKE, Respondent. [785 NYS2d 772]—

Lahtinen, J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered April 3, 2003, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner and respondent resided together from 1990 to 2000. In December 1994, petitioner gave birth to a child conceived through artificial insemination. Thereafter, pursuant to *Matter of Jacob* (86 NY2d 651 [1995]), respondent adopted the child in September 1996, "becom[ing] the child's second parent" (*id.* at 656). The relationship of petitioner and respondent deteriorated and, following its final disintegration in September 2000, an acrimonious and ongoing custody dispute erupted with frequent resort to legal proceedings.

In March 2002, petitioner discovered a false Social Security

card and a false driver's license from the mid-1980s with respondent's picture but the name and age of respondent's older sister. Petitioner then commenced the current proceeding seeking to abrogate respondent's adoption of the child upon various grounds, including the assertion that respondent had fraudulently concealed her prior use of an alias. Respondent acknowledged that, when she was 18 years old, she procured the false identification in order to gain admission to and service at establishments serving alcoholic beverages. She further stated that, at the time of the adoption proceeding, she had forgotten about the false identification from 10 years earlier and, thus, did not indicate that she had ever used an alias. Following submissions by the parties, review of court records (including the adoption), appointment of a law guardian for the child, and appearances by counsel, Family Court denied petitioner's application without a hearing. Petitioner appeals.

We affirm. "To foster stability and permanency in the lives of the children affected by adoption, final orders should not be lightly set aside" (*Matter of Kevin G.,* 227 AD2d 622, 622-623 [1996] [citation omitted]). While respondent's use of false identification while a teenager and prior to her 21st birthday is not laudable, the failure to disclose such conduct in an adoption proceeding does not constitute the type of fraud that would support the drastic remedy of vacating at this time an adoption that occurred in 1996 (*cf. Matter of Alison VV.,* 211 AD2d 988, 989 [1995]; *Matter of Michael JJ.,* 200 AD2d 80, 82-83 [1994]; *Matter of Baby Girl W.,* 151 AD2d 968, 969 [1989], *lv denied* 74 NY2d 613 [1989]). Since petitioner's allegations failed to raise a factual issue regarding a viable ground to vacate the adoption, dismissal of her application without an evidentiary hearing was appropriate (*see Matter of Ashlee II.,* 245 AD2d 885, 886 [1997]). Petitioner's remaining contentions, including her assertion that she was not fully apprised of her rights at the time of the adoption, have been considered and found meritless. We note that petitioner did not surrender her parental rights when consenting to the adoption of her child by respondent (*see id.* at 886).

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.