In the Matter of CHRISTOPHER H., Appellant, v LISA H., Respondent. [863 NYS2d 67]—

In a proceeding pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Dutchess County (Amodeo, J.), dated March 29, 2007, which, without a hearing, dismissed his petition to modify the visitation provision contained in an order of the same court dated September 18, 2006, and (2) an order of the same court dated May 23, 2007, which denied his motion for leave to reargue.

Ordered that the appeal from the order dated May 23, 2007 is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further;

Ordered that the order dated March 29, 2007 is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Dutchess County, for a new determination following a hearing.

At a fact-finding hearing held on a petition alleging that the father sexually abused and neglected his two daughters, the father entered into a so-called *Alford* plea (*see North Carolina v Alford,* 400 US 25 [1970]), pursuant to Family Court Act § 1051 (a), consenting, without admission, to an order finding that he sexually abused one daughter and as a result derivatively neglected his other daughter. Because of that fact-finding order, a

modified custody and visitation order dated September 18, 2006 was entered on consent, providing that the father would have supervised visitation with the children, "to commence upon recommendation of the children's therapist," and that, pursuant to an order of disposition in the abuse and neglect proceeding, the father would submit to a psychological evaluation and follow the recommendations of the therapist after that evaluation, attend and participate in a sex offender treatment program "to occur at a frequency to be determined by the treating therapist and until discharged by the therapist," and complete a parenting program.

In or about January 2007 the father brought this petition to modify the visitation provision of the order dated September 18, 2006 by granting him visitation with his daughters "in a therapeutic setting with a counselor." He noted that he had completed a parenting program, and had undergone a psychological evaluation by a therapist to whom he had been referred by the Dutchess County Department of Social Services (hereinafter the DSS). Included with his petition was a report from the therapist indicating that, based upon the father's complete denial of the allegations that he sexually abused his daughter, the therapist arranged for a clinical polygraph examination to be administered, and that the examiner's professional opinion based upon the results of that examination was that the father's denials of the allegations that he touched his daughter in a sexualized manner were truthful. As a result, the therapist concluded that the father was not an appropriate candidate for specialized sex offender treatment.

Notwithstanding the father's inclusion of the therapist's report as evidentiary support for his petition seeking visitation, the Family Court dismissed the petition, without a hearing, as premature, solely based upon the father's failure to complete a specialized sex offender treatment program, as he was directed to do in the order of disposition which had been entered in the abuse and neglect proceeding. This was error.

The father made an evidentiary showing sufficient to warrant a hearing, to determine whether granting him visitation would be in the children's best interest (see Matter of Melissa FF., 285 AD2d 682 [2001]). While a court may direct a parent to undergo therapy as one of the aspects of a visitation order if such intervention will serve the best interests of the children (see Matter of Cross v Davis, 298 AD2d 939 [2002]), it was error in this case to dismiss the father's petition, without a hearing, based on his failure to comply with the order requiring him to complete specialized sex offender treatment, in light of the evi-

dence he presented that the therapist to whom he was referred by the DSS opined that he was not an appropriate candidate for such treatment.

We do not make a finding as to whether the father sexually abused one of his daughters, and thereby derivatively neglected his other daughter. Nor do we pass upon the ultimate issue to be decided, whether it would serve the best interest of the children to resume visitation with the father. We hold, merely, that under the circumstances presented, the father established his entitlement to a hearing on his petition. Rivera, J.P., Lifson, Santucci and Miller, JJ., concur.