In the Matter of AARON H. and Others. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BARBARA H., Appellant. [898 NYS2d 901]—

Appeal from an order of the Family Court, Oneida County (Joan E. Shkane, J.), entered December 23, 2008 in a proceeding pursuant to Family Court Act article 10. The order, among other things, vacated an order that had dismissed a petition alleging abuse and neglect.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order that, inter alia, granted petitioner's motion seeking to vacate an order that had dismissed a petition alleging that the mother had severely abused two of her children and had derivatively abused and neglected her three remaining children. Subsequent to the dismissal of that petition, the mother entered an *Alford* plea with respect to the sexual abuse of one of her children. Although we agree with the mother that the judgment of conviction upon her guilty plea does not constitute newly discovered evidence within the meaning of CPLR 5015 (a) (2) to warrant vacatur of the prior order, we conclude that Family Court properly exercised its inherent authority to vacate the prior order in the interest of justice (*see* CPLR 4404 [b]; *Matter of Chomik v Sypniak*, 70 AD3d 1336 [2010]). Such inherent authority "should be resorted to only to relieve a party 'from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect' " (*Matter of McKenna v County of Nassau, Off. of County Attorney*, 61 NY2d 739, 742 [1984]; *see Quinn v Guerra*, 26 AD3d 872, 873 [2006], *appeal dismissed* 7 NY3d 741 [2006]). Here, even absent any specific admissions by the mother during her plea colloquy inasmuch as she entered an *Alford* plea, her conviction of sexual abuse constituted conclusive proof of the abuse allegations in the petition with respect to that child (*see Matter of Laurali M.*, 248 AD2d 983 [1998]; *Matter of Denise J.*, 133 AD2d 687 [1987]). The conviction of sexual abuse therefore directly contradicted the testimony of the mother in Family Court, i.e., that she did not sexually abuse the child in question (*see Matter of Derrick C.*, 55 AD3d 1320 [2008]; *Laurali M.*, 248 AD2d 983 [1998]; *see generally Matter of Silmon v Travis*, 95 NY2d 470, 475 [2000]). Thus, the court properly exercised its discretion in vacating the prior order pursuant to CPLR 4404 (b), based on fraud (*cf. Quinn*, 26 AD3d at 874). Further, although a post-trial motion pursuant to CPLR 4404 generally must be filed within 15 days after a court's decision (*see* CPLR 4405), we note that "a trial court has the power to set aside its decision in a nonjury case on its own initiative and, in doing so, may ignore the 15-day limitation set forth in CPLR 4405" (*Matter of Alison VV.*, 211 AD2d 988, 989 [1995]).

The mother failed to preserve for our review her remaining contentions on appeal (*see Matter of Seth M.*, 66 AD3d 1448 [2009], *lv dismissed* 13 NY3d 922 [2010]) and, in any event, we conclude that they are without merit. Present—Centra, J.P., Carni, Lindley, Green and Gorski, JJ.