Matter of Connor (Mariann D.--Jacob D.) (2019 NY Slip Op 05979)





Matter of Connor (Mariann D.--Jacob D.)


2019 NY Slip Op 05979


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-10313
 (Docket No. A-2685-12)

[*1]In the Matter of Connor, Mariann D. (Anonymous), appellant; Jacob D. (Anonymous), respondent.


Kelli M. O'Brien, Goshen, NY, for appellant.
Fabricant Lipman & Frishberg, PLLC, Goshen, NY (Neal D. Frishberg of counsel), for respondent.
Robert M. Rametta, Goshen, NY, attorney for the child.



DECISION & ORDER
In an adoption proceeding, the mother appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), entered July 13, 2018. The order, insofar as appealed from, denied the mother's motion, in effect, pursuant to Domestic Relations Law § 114(3) to vacate an order of adoption dated May 15, 2013.
ORDERED that the order entered July 13, 2018, is affirmed insofar as appealed from, without costs or disbursements.
In January 2010, the subject child was born to the mother and the nonparty birth father, a member of the Choctaw Indian tribe. The mother and the birth father were never married. Thereafter, in January 2012, the mother married Jacob D. (hereinafter the respondent). In May 2012, the respondent, with the mother's consent, filed a petition for adoption of the child. The birth father voluntarily relinquished his parental rights to the child during the adoption proceeding. On May 15, 2013, the Family Court issued an order of adoption, approving the adoption of the then three-year-old child by the respondent.
On May 5, 2017, the respondent commenced an action for a divorce against the mother. In April 2018, while the divorce action was pending, the mother moved in the Family Court, in effect, pursuant to Domestic Relations Law § 114(3) to vacate the order of adoption in favor of the respondent on the ground that the child is an Indian child and the adoption proceeding was not held in compliance with sections 1911, 1912, and 1913 of the Indian Child Welfare Act of 1978 (25 USC § 1901 et seq.; hereinafter ICWA) or, in the alternative, on the ground that the adoption was effectuated through fraud, misrepresentation, and other misconduct. In an order entered July 13, 2018, the Family Court, inter alia, denied the mother's motion. The mother appeals from so much of the order entered July 13, 2018, as denied her motion.
In 1978, Congress enacted the ICWA "to address the removal of an alarmingly high percentage' of American Indian children from their families . . . by nontribal public and private [*2]agencies" (Matter of Dupree M. [Samantha Q.], 171 AD3d 752, 753, quoting 25 USC § 1901[4]). "The ICWA's stated purpose is to protect the best interests of Indian children and to promote the stability and security of Indian tribes and families by the establishment of minimum Federal standards for the removal of Indian children from their families and the placement of such children in foster or adoptive homes which will reflect the unique values of Indian culture, and by providing for assistance to Indian tribes in the operation of child and family service programs'" (Matter of Dupree M. [Samantha Q.], 171 AD3d at 753, quoting 25 USC § 1902; see Mississippi Band of Choctaw Indians v Holyfield, 490 US 30, 37).
We agree with the Family Court's determination that the mother lacks standing to allege a violation of sections 1911, 1912, or 1913 of the ICWA. The ICWA provides that "[a]ny Indian Child who is the subject of any action for foster care placement or termination of parental rights under State law, any parent or Indian custodian from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title" (25 USC § 1914 [emphasis added]; see 25 CFR 23.137[a]).
" Every exercise in statutory construction must begin with the words of the text'" (Gibbons v Bristol-Myers Squibb Co., 919 F3d 699, 705 [2d Cir], quoting Saks v Franklin Covey Co., 316 F3d 337, 345 [2d Cir]; see Barnhart v Sigmon Coal Co., 534 US 438, 450). "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there" (Connecticut Nat. Bank v Germain, 503 US 249, 253-254). Here, although the adoption proceeding involved the voluntary termination of the birth father's parental rights to the subject child, the plain language of both 25 USC § 1914 and 25 CFR 23.137(a) is clear that only the child, the parent or Indian custodian from whose custody the child has been removed, and the Indian child's tribe have standing to allege a violation of sections 1911, 1912, or 1913 of the ICWA (see 25 USC § 1914; 25 CFR 23.137[a]). Since the mother does not fall into any of those categories, she lacked standing to allege a violation of sections 1911, 1912, or 1913 of the ICWA (see 25 USC § 1914; 25 CFR 23.137[a]). "[T]he language of [section] 1914 itself . . . limits standing to challenge state-law terminations of parental right to parents from whose custody such child was removed'" (Matter of Adoption of Child of Indian Heritage, 111 NJ 155, 179, 543 A2d 925, 937, quoting 25 USC § 1914; see Matter of S.C., 1992 OK 98, ¶ 23, 833 P2d 1249, 1254, overruled on other grounds Matter of Baby Boy L., 2004 OK 93, 103 P3d 1099).
We also agree with the Family Court's determination that the order of adoption should not be vacated on any of the other grounds asserted by the mother. "Determinations made with respect to the adoption of a child must be made in furtherance of the child's best interests" (Matter of T. [Marcia M.], 167 AD3d 632, 633; see Domestic Relations Law §§ 114[1]; 116[4]). Domestic Relations Law § 114(3) permits a court in which an order of adoption was made to "open, vacate or set aside such order of adoption for fraud, newly discovered evidence or other sufficient cause." "[T]he fraud which will suffice to vacate an order or judgment must be fraud in the very means by which the judgment was procured" (Matter of Kevin G., 227 AD2d 622, 623 [internal quotation marks omitted]).
Here, the mother's allegations of domestic violence during her marriage to the respondent, and that the respondent "never intended to be a decent and loving parent to [the child] as promised," do not amount to fraud or otherwise provide a legal ground upon which the order of adoption may be vacated (see Matter of Ashlee II, 245 AD2d 885, 886; see also e.g. Matter of Kevin G., 227 AD2d at 623).
Accordingly, we agree with the Family Court's denial of the mother's motion to vacate the order of adoption.
The parties' remaining contentions are not properly before this Court, are without merit, or need not be reached in light of our determination.
CHAMBERS, J.P., AUSTIN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court