People v Babb (2020 NY Slip Op 04663)





People v Babb


2020 NY Slip Op 04663


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


360 KA 18-00165

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WAYNE A. BABB, JR., DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAIXI XU OF COUNSEL), FOR DEFENDANT-APPELLANT.
LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT. 


 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered September 11, 2017. The judgment convicted defendant upon a jury verdict of endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of endangering the welfare of a child (Penal Law § 260.10 [1]), defendant contends that the conviction is based on legally insufficient evidence. We reject that contention. Defendant's girlfriend left her three-year-old son in his care while she was at work from 7:00 a.m. until 4:00 p.m. She testified at trial that the child had no injuries of concern when she left for work, but there were red marks on the child's face when she returned home for lunch and, later that evening, she discovered that the child's testicles were red. The girlfriend's testimony is sufficient to establish that the child sustained the injuries while in defendant's care (see People v Tompkins, 8 AD3d 901, 902-903 [3d Dept 2004]). Moreover, the medical evidence contradicted defendant's explanations for how the child sustained the injuries (see People v Wright, 81 AD3d 1161, 1163 [3d Dept 2011], lv denied 17 NY3d 803 [2011]). We thus conclude that " there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (People v Danielson, 9 NY3d 342, 349 [2007]; see People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although defendant challenges the credibility of his girlfriend's testimony, we conclude that " the jury was in the best position to assess the credibility of the witness[ ] and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded' " (People v McCall, 177 AD3d 1395, 1396 [4th Dept 2019], lv denied 34 NY3d 1130 [2020]).
Insofar as defendant contends that the verdict is inconsistent, we reject his contention. Although the jury acquitted him of assault in the second degree (Penal Law § 120.05 [9]) and forcible touching (§ 130.52 [1]), those crimes require that the defendant act intentionally (§ 15.05 [1]), whereas endangering the welfare of a child requires only that the defendant act knowingly (§ 15.05 [2]; see § 260.10 [1]; People v Fernandez, 126 AD3d 639, 639 [1st Dept 2015], lv denied 26 NY3d 967 [2015]).
Defendant further contends that County Court erred in permitting the testimony of a Child Protective Services investigator concerning a finding of abuse or neglect with respect to the same incident that was entered upon defendant's consent pursuant to Family Court Act § 1051 (a). We reject that contention. Consent to such an order is analogous to an Alford plea (see Matter of William N. [Kimberly H.], 118 AD3d 703, 705 [2d Dept 2014]; Matter of Christopher H. v Lisa [*2]H., 54 AD3d 373, 373 [2d Dept 2008]), which "binds [a defendant] as strongly as any admission of the facts constituting the crime charged" (Matter of Cumberland Pharmacy v Blum, 69 AD2d 903, 903 [2d Dept 1979]). Thus, testimony concerning the disposition of the Family Court proceeding was properly received in evidence against defendant (see People v Smielecki, 77 AD3d 1420, 1421 [4th Dept 2010], lv denied 15 NY3d 956 [2010]; see generally Matter of Aaron H. [Barbara H.], 72 AD3d 1602, 1602 [4th Dept 2010], lv denied 15 NY3d 704 [2010]).
Although we agree with defendant that the prosecutor's comment in summation concerning defendant's pretrial silence was improper (see generally People v Conyers, 52 NY2d 454, 457-458 [1981]), we conclude that it was " not so egregious as to deprive defendant of a fair trial' " (People v Jones, 155 AD3d 1547, 1549 [4th Dept 2017], amended on rearg 156 AD3d 1493 [4th Dept 2017], lv denied 32 NY3d 1205 [2019]). By failing to object to the other allegedly improper comments by the prosecutor during summation, defendant failed to preserve the remainder of his contention for our review (see People v Simmons, 133 AD3d 1227, 1228 [4th Dept 2015]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court