People v Jesmer (2024 NY Slip Op 03624)

People v Jesmer

2024 NY Slip Op 03624

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, KEANE, AND HANNAH, JJ.

358 KA 19-01115

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GREGORY JESMER, DEFENDANT-APPELLANT.

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered March 8, 2019. The judgment convicted defendant upon a jury verdict of murder in the second degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and endangering the welfare of a child (§ 260.10 [1]). Defendant's conviction of the murder count stems from his conduct in intentionally killing a 101-year-old woman who lived in his apartment building. The victim was strangled and stabbed more than 30 times with a kitchen knife. His conviction of the endangering the welfare of a child (EWC) count stems from his conduct in offering a 13-year-old girl money in exchange for coming to his apartment. The crime of EWC was committed on the same day that the homicide victim's body was found, and the police questioned defendant on both charges during the same interrogation.
Defendant's contention that his conviction of EWC is not supported by legally sufficient evidence is preserved only in part (see People v Gray, 86 NY2d 10, 19 [1995]) and, in any event, is without merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We conclude that, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), " 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt' " (People v Danielson, 9 NY3d 342, 349 [2007]; see People v Babb, 186 AD3d 1058, 1058 [4th Dept 2020], lv denied 36 NY3d 1049 [2021]). In particular, we conclude that there is legally sufficient evidence establishing that, by offering a large sum of money to a 13-year-old girl he met on a bus if she agreed to go back to his apartment, defendant engaged in conduct that was likely to be injurious to the child's "physical, mental or moral welfare," even though his efforts to lure the child to his apartment were unsuccessful inasmuch as an onlooker observed defendant talking to the seemingly distressed child and called the police (Penal Law § 260.10 [1]).
Furthermore, viewing the evidence in light of the elements of murder in the second degree and EWC as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that, contrary to defendant's contention, the verdict with respect to both counts is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Indeed, based on our independent review of the evidence (see People v Delamota, 18 NY3d 107, 116-117 [2011]), we conclude that a different verdict would have been unreasonable (see People v Muhammad, 204 AD3d 1402, 1403 [4th Dept 2022], lv denied 38 NY3d 1073 [2022]; People v Peters, 90 AD3d 1507, 1508 [4th Dept 2011], lv denied 18 NY3d 996 [2012]; see generally Bleakley, 69 NY2d at 495).
Defendant further contends that County Court erred in refusing to sever the murder and EWC counts. We reject that contention. The court properly determined that the two offenses were joinable pursuant to CPL 200.20 (2) (b), which allows joinder of offenses based upon different criminal transactions where, as here, "such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first." Contrary to defendant's contention, evidence relating to the EWC charge was relevant and necessary to complete the narrative of events that led to defendant's initial arrest and to the police's initial suspicions that defendant was involved in the murder (see generally People v Hall, 194 AD3d 1372, 1373 [4th Dept 2021], lv denied 37 NY3d 972 [2021]; People v Blocker, 128 AD3d 1483, 1484 [4th Dept 2015], lv denied 26 NY3d 926 [2015]; People v Childs, 8 AD3d 116, 116 [1st Dept 2004], lv denied 3 NY3d 672 [2004]). Indeed, without the testimony relating to the EWC charge, the jury would have had no way of knowing why defendant was initially arrested. Because the two crimes were properly joined in one indictment under CPL 200.20 (2) (b), the court lacked statutory authority to sever them (see People v Bongarzone, 69 NY2d 892, 895 [1987]; People v Cornell, 17 AD3d 1010, 1011 [4th Dept 2005], lv denied 5 NY3d 805 [2005]).
Defendant's sentence is not unduly harsh or severe.
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court